**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | )   **NO. 3:18-cr-00011** |
| **v.** | ) |
| | )   **JUDGE CAMPBELL** |
| | ) |
| **KENNETH THREALKILL** | ) |
| | ) |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion to Suppress the Fruits of the Search of 4571 Clarksville Pike, Nashville, Davidson County, Tennessee, on October 10, 2016 (Doc. No. 65), and the Government's Response (Doc. No. 67). Through the Motion, Defendant challenges a search warrant issued on October 10, 2016, and seeks suppression of: (1) the fruits of the search; (2) all testimony of law enforcement officers relating to observations made by them while engaged in the search; (3) any statements made by Defendant during or after the search; and (4) any evidence that was the result of investigatory leads obtained as a result of the search. For the reasons set forth herein, the Motion is **DENIED.**

The affidavit supporting the search warrant at issue here was signed by Detective Harrison Nearn of the Metro Nashville Police Department, and provides, in pertinent part, as follows:

> During the course of this narcotics investigation, your affiant received information that Kenneth Threalkill (SSN: . . .) engages in the sale of cocaine and is usually armed with a handgun. The phone number, . . ., was determined to be the phone number used to contact Kenneth Threalkill (SSN: . . .). Detectives also learned Kenneth Threalkill . . . drives a black Toyota Camry; as well as, an older model light blue truck. Additionally, detectives learned Kenneth Threalkill . . . lives in a house with his mother on Clarksville Pike, north of Briley Parkway. During the investigation, detectives learned Kenneth Threalkill . . . lives at 4571 Clarksville Pike, Nashville, Davidson County, Tennessee.

As part of this investigation, your affiant conducted two separate trash pulls at 4571 Clarksville Pike, Nashville, Davidson County, Tennessee, in search of evidence of narcotic related activity. On August 30, 2016, detectives conducted the first of two trash pulls from the residence. During the first trash pull detectives removed the tied trash bags from the trash can that was set in the bicycle lane of Clarksville Pike, directly in front of 4571 Clarksville Pike, Nashville, Davidson County, Tennessee, for regular trash pick-up service. The contents of the tied trash bags were examined in an attempt to locate evidence of illegal drug activity. Your affiant located twenty-three (23) clear plastic sandwich styles (sic) bags with missing corners or bottoms and (6) small pill-sized Ziploc style bags. Inside a number of these plastic bags your affiant located a white powdery residue. This residue was field-tested and field-tested positive for cocaine. Your affiant also recovered a piece of mail bearing the name of Kenneth Threalkill and the address of 4571 Clarksville Pike, Nashville, Davidson County, Tennessee. All of the recovered items (evidence and mail) were found within the same tied trash bags. From your affiant's training and experience, I immediately recognized the numerous plastic bags with missing bottoms and corners and the small pill-sized Ziploc style plastic bags to be consistent with material used for packaging narcotics for the purpose of resale.

Within the past seventy-two hours, your affiant conducted a second trash pull from 4571 Clarksville Pike, Nashville, Davidson County, Tennessee. During this second trash pull detectives removed the tied trash bags from the trash can that was set in the bicycle lane of Clarksville Pike, directly in front of 4571 Clarksville Pike, Nashville, Davidson County, Tennessee, for regular trash pick-up service. The contents of the tied trash bags were examined in an attempt to locate evidence of illegal drug activity. Your affiant located nine (9) clear plastic sandwich styles (sic) bags with missing corners or bottoms. Inside a number of these plastic bags your affiant located a white powdery residue. This residue was field-tested and field-tested positive for cocaine. Your affiant also recovered pieces of mail bearing the name of Kenneth Threalkill and the address of 4571 Clarksville Pike, Nashville, Davidson County, Tennessee. All of the recovered items (evidence and mail) were found within the same tied trash bags. From your affiant's training and experience, I immediately recognized the plastic bags with missing bottoms and corners to be consistent with material used for packaging narcotics for the purpose of resale.

Your affiant conducted a search of the TLO database for the phone number [same phone number as in paragraph 1]. According to TLO, the phone number is listed to Kenneth Threalkill . . . at 4571 Clarksville Pike, Nashville, Davidson County, Tennessee.

A search of the RMS database was also conducted for the phone number [same as above]. According to the RMS database, this phone number was given by Kenneth

Threalkill . . . as his phone number when he was last arrested on November 18th, 2015.

4571 Clarksville Pike, Nashville, Davidson County, Tennessee, is listed as Kenneth Threalkill's primary residence on both the RMS database; as well as, his state issued driver's license.

A search of the state vehicle database shows Kenneth Threalkill . . . to be the registered owner of a black 2006 Toyota Camry. The address listed on the registration of this vehicle also shows 4571 Clarksville Pike, Nashville, Davidson County, Tennessee.

A search of Kenneth Threalkill's . . . criminal history shows previous arrests and convictions for narcotics and violent offenses to include sale of cocaine, aggravated robbery, robbery, and simple possession of a controlled substance.

A search of the TOMIS database shows Kenneth Threalkill . . . to currently be on parole.

(Doc. No. 69-1, at PageID # 155-57). The search warrant was issued by Metropolitan Nashville Davidson County Judicial Commissioner Thomas Edward Nelson on October 6, 2016, and was executed on October 10, 2016. (*Id.,* at PageID# 152; Doc. No. 65-1, at PageID # 114-15). The items seized pursuant to the warrant consist of a firearm and ammunition, marijuana, prescription pills, and drug paraphernalia. (Doc. No. 65-1, at PageID # 114-15).

Defendant contends the search warrant affidavit lacks probable cause. The Government argues the search warrant was validly issued. For a warrant to be validly issued, it must have been based on "probable cause." *United States v. Crawford*, 943 F.3d 297, 305 (6th Cir. 2019). A search warrant is based on probable cause when the supporting affidavit shows "'a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *United States v. Higgins,* 557 F.3d 381, 389 (6th Cir. 2009)); *Illinois v. Gates,* 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). In making that determination, the issuing judicial officer is to

3

examine the "totality of the circumstances." *Id.* When the validity of the search warrant is later challenged by a defendant, the reviewing court is limited to examining "only 'the information presented in the four-corners of the affidavit.'" *Id.* (quoting *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005)). A reviewing court must accord "great deference" to the decision of the issuing court, and reverse that decision only where the issuing court's discretion was arbitrarily exercised. *Id.*

Defendant argues the affidavit is lacking in probable cause because it relies on information provided by an informant whose reliability was not established. Although the affidavit does not specifically state officers obtained information from a confidential informant, the first sentence of the first paragraph states that Detective Nearn "received information" that Defendant "engages in the sale of cocaine and is usually armed with a handgun." (Doc. No. 69-1, at PageID # 155). Although it is not clear from the affidavit, officers may have also obtained the identifying information listed in the first paragraph, *i.e.,* phone number and address, from a confidential source.

In considering search warrant affidavits relying on the hearsay information of a confidential informant or anonymous tipster, the court must consider the veracity, reliability, and the basis of knowledge for that information, as well as whether the informant's hearsay statements have been corroborated by surveillance or other means. *United States v. Franklin,* 622 Fed. Appx. 501, 509 (6th Cir. 2015). If the search warrant had been issued based only on the information set forth in the first sentence of the affidavit, the failure to establish the reliability of the information stated there would likely undermine a finding of probable cause. The Court must consider the

4

entire affidavit, however, in evaluating Defendant's challenge to the search warrant. In viewing the first sentence in light of the entire affidavit, the statement that the defendant sells cocaine and is usually armed may be characterized as background information, explaining the ensuing investigation described in the subsequent paragraphs. As for the phone number, address, and vehicle information apparently provided by the informant, that information was corroborated by certain database searches conducted by officers as outlined in the latter part of the affidavit. Thus, Defendant's challenge to the first paragraph of the affidavit does not undermine the probable cause determination of the issuing judge.

Defendant also argues the evidence described in the affidavit is insufficient to establish probable cause because any nexus between Defendant's residence and the evidence sought is lacking. Defendant cites *United States v. McPhearson,* 469 F.3d 518 (6th Cir. 2006) to support his argument. In *McPhearson,* police arrested the defendant on the front porch of his home, and recovered drugs on his person during the subsequent pat-down search. 469 F.3d at 520. Based on that discovery, the officers obtained a search warrant for the residence to search for evidence of drug trafficking. *Id.,* at 521. The Sixth Circuit held the warrant was without probable cause because the affidavit "did no more than state that McPhearson, who resided at [the residence to be searched], was arrested for a non-drug offense with a quantity of crack cocaine on his person." *Id.,* at 524. The court explained that "[a] suspect's mere presence or arrest at a residence is too insignificant a connection with that residence to establish that relationship necessary to a finding of probable cause." *Id.*

Defendant also relies on *United States v. Abernathy,* 843 F.3d 243 (6th Cir. 2016) and

5

*United States v. Brown,* 828 F.3d 375 (6th Cir. 2018). In *Abernathy,* the search warrant affidavit stated that a trash pull conducted at a residence where the defendant was presumably staying revealed several marijuana roaches, several plastic sealed bags (like those used to resale marijuana) containing marijuana residue, and mail addressed to the defendant. 843 F.3d at 247-48. Although the defendant had a lengthy history of drug and weapons charges, that information was not presented to the issuing judge. *Id.* The *Abernathy* Court held the trash pull evidence "did not create a fair probability that drugs would be found in Defendant's home." 843 F.3d at 254. The court explained that there was no way of knowing if the trash-pull evidence came from the defendant's residence at all, or if it did, whether it was in the residence recently. *Id.,* at 255. "[T]he critical missing ingredient from the Affidavit was evidence that Defendant had been involved in past drug crimes." *Id.*

In *Brown,* the search warrant affidavit for the defendant's home stated that police had recovered drugs from a car registered to the defendant's home address but parked at a codefendant's house. *Id.* at 379–80. The affidavit also stated that the defendant had a criminal history involving drug offenses. *Id.,* at 380. The Sixth Circuit held the affidavit was not sufficient to establish probable cause that the defendant distributed or stored narcotics at his home. *Id.,* at 381-85.

The Government argues the search warrant affidavit in this case describes a more direct link with Defendant's residence than in *McPhearson,* and describes more evidence of ongoing drug trafficking than in *Abernathy* or *Brown.* In that regard, the Government argues, this case is more factually similar to *United States v. Talley,* 692 Fed. Appx. 219 (6th Cir. 2017). In *Talley,* the

6

search warrant affidavit stated that officers approached the defendant's residence and smelled the odor of marijuana. *Id.,* at 220. Eleven days later, the affiant stated, officers conducted a trash pull at the residence and discovered a small amount of marijuana in a sealed bag. *Id.* Finally, the affidavit stated the defendant had an extensive criminal history, including a conviction for the sale of cocaine. *Id.* The Sixth Circuit held this information was sufficient to establish probable cause. *Id.*, at 222-23. In reaching its decision, the court distinguished *Abernathy*:

> [In *Abernathy*], we held that a 'small quantity of marijuana paraphernalia' found in the defendant's trash, 843 F.3d at 255 - consisting of several marijuana roaches and plastic heat-sealed bags commonly used for drug packaging, *id.* at 247 - was 'insufficient, *standing alone*, to create probable cause to search [the defendant's] residence,' *id.* at 256–57 (emphasis added). But *Abernathy* provides no assistance here. Detective England's affidavit - unlike the affidavit in *Abernathy* - details facts beyond the trash-pull evidence to support probable cause: namely, that Detectives Bevis and Bowers smelled a strong unburnt-marijuana odor radiating from the home, and that Talley had a prior conviction for drug trafficking.

*Id.,* at 222.

According to the affidavit in this case, the first trash pull occurred on August 30, 2016, and revealed 23 sandwich bags, some with cocaine residue, and all with missing corners or bottoms, along with six pill-sized bags. Officers also recovered mail bearing Defendant's name and the address of the residence in the same tied trash bag as the drug evidence. As Officer Nearn pointed out, plastic bags with missing bottoms and corners and small pill-sized bags are used in the resale of narcotics. The second trash pull, conducted within three days of issuance of the warrant, revealed nine sandwich bags with missing corners or bottoms, some containing cocaine residue. Also found in the trash was mail addressed to Defendant at the residence to be searched. All these items were found within the same tied trash bag. Unlike *McPhearson* and *Brown,* the drug

evidence was connected to Defendant and his residence because that evidence and Defendant's discarded mail were found in the same tied trash bag. Database information further confirmed Defendant's connection to the residence through his phone number, driver's license, and vehicle registration. And unlike *Abernathy,* the drug evidence went beyond a suggestion of simple use or possession; the multiple torn baggies were indicative of packaging for resale. Adding to the probable cause calculation, the affidavit indicates Defendant had a prior arrest and/or conviction for the sale of cocaine,[1] and was currently on parole. Thus, the evidence outlined in the affidavit established probable cause to believe evidence of drug trafficking would be found in Defendant's residence.

Defendant also argues the trash-pull evidence is too stale to support a finding of probable cause. Indeed, "stale" information cannot be used in a probable cause determination. *United States v. Perry,* 864 F.3d 412, 414-15 (6th Cir. 2017). To determine whether information in a search warrant affidavit is stale, a reviewing court is to consider: (1) the character of the crime (chance encounter in the night or regenerating conspiracy); (2) the criminal (nomadic or entrenched); (3) the thing to be seized (perishable and easily transferrable or of enduring utility to its holder); and (4) the place to be searched (forum of convenience or secure operation base). *United States v. Curry*, 723 Fed. Appx. 314, 317 (6th Cir. 2018) (citing *United States v. Frechette,* 583 F.3d 374, 377 (6th Cir. 2009)). "Given the mobile and quickly consumable nature of narcotics, evidence of drug sales or purchases loses its freshness extremely quickly." *Id.* (quoting *United States v. Brooks*,

---

[1] Defendant points out that the affidavit does not contain information regarding the age of his drug offenses. The *Talley* Court concluded, however, that the defendant's nine-year-old cocaine trafficking conviction "remains germane despite its age." *Id.,* at 222-23.

8

594 F.3d 488, 493 (6th Cir. 2010)).

When paired with other information, however, evidence of somewhat older drug sales supports the existence of probable cause. *See Perry,* 864 F.3d at 414-15 (evidence of drug sales two to 51 days before issuance of the search warrant, along with evidence of an ongoing drug business, supports probable cause determination); *United States v. Greene,* 250 F.3d 471, 480-81 (6th Cir. 2001) (23-month-old evidence of drug sales was not stale when paired with information regarding a drug delivery in the month prior to issuance of the search warrant). In this case, as described above, the older evidence of drug trafficking obtained in the first trash pull was combined with similar evidence obtained within three days before issuance of the warrant. The finding of probable cause made by the issuing judge was not based solely on "stale" information.

The Government argues that, even if the search warrant affidavit were to be found lacking in probable cause, suppression is not warranted in this case because the officers executing the warrant relied on its validity in good faith under *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). In *Leon*, the Supreme Court held that the exclusionary rule should not bar admission of evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 104 S. Ct. at 3411; *see also United States v. Richards,* 659 F.3d 527, 542 (6th Cir. 2011). The *Leon* Court identified four situations in which the exception would not apply: (1) where the affidavit supporting the search warrant contains knowing or reckless falsity; (2) where the issuing magistrate failed to act in a neutral and detached manner; (3) where the support affidavit was "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'"; and (4) where the warrant is so facially deficient, through,

9

for example, lack of particularity regarding the place to be searched or the things to be seized, as to negate the possibility of objectively reasonable reliance. *Leon*, 104 S. Ct. at 3421. Defendant argues the affidavit fails to contain a minimally sufficient nexus between drug trafficking and his residence.

As described above, the Court is persuaded the affidavit sufficiently connects evidence of drug trafficking with Defendant's residence. The information in the affidavit describes two trash pulls, one within three days of the issuance of the warrant, revealing evidence of cocaine and pill sales tied to Defendant and the address to be searched. In addition, officers corroborated Defendant's connection with the residence through various database searches. Finally, Defendant's criminal history revealed an arrest and/or conviction for the sale of cocaine. This is not a case in which "'even a cursory reading of the warrant . . . would have revealed a glaring deficiency that any reasonable police officer would have known was constitutionally fatal.'" *Richards,* 659 F.3d at 542-43 (quoting *Groh v. Ramirez,* 540 U.S. 551, 564, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004)). Thus, the Court concludes that even if probable cause were found to be lacking, suppression is not warranted because the search warrant was executed in good faith.

For these reasons, the Court concludes that Defendant's challenge to the search warrant is without merit. Thus, Defendant's request to suppress the items seized, and the fruits of the search, including testimony of officers and his own statements, is denied.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

10